Hossein ASHRAFPOUR, a.k.a. Hussein Ashrafpour, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73096.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 18, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

### MEMORANDUM [**]

Hossein Ashrafpour, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition for review.

Ashrafpour's sole contention is that he was denied due process when his recollections of past persecution rendered him un-

able to respond cogently to questions posed at his hearing, resulting in an adverse credibility finding. We review due process claims de novo. *Munoz v. Ashcroft,* 339 F.3d 950, 955 (9th Cir.2003) (citation omitted). We will reverse on due process grounds if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986) (citation omitted) and the alien shows prejudice, *see Halaim v. INS,* 358 F.3d 1128, 1136 (9th Cir.2004) (citation omitted).

To support his due process claim, Ashrafpour relies on *Colmenar v. INS,* 210 F.3d 967 (9th Cir.2000), where the IJ refused to allow testimony that would have permitted petitioner to elaborate on the fears he expressed in his asylum application. *Colmenar,* 210 F.3d at 971. Here, in contrast, Ashrafpour offered testimony and presented documentary evidence over the course of two days, during two separate hearings. When Ashrafpour expressed confusion during cross examination at the second hearing, the IJ gave him a break and only continued the hearing with his express consent. Moreover, Ashrafpour has offered no evidence that he suffers from a medical condition that prevented him from testifying. Accordingly, we conclude that Ashrafpour was afforded a full and fair hearing. *See Halaim,* 358 F.3d at 1136.

In any event, Ashrafpour has not shown that the IJ's conduct of the proceeding affected the outcome. *Id.*

### PETITION FOR REVIEW DENIED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.